* * * * * * * * * * *
The Full Commission reviewed the prior Order based upon the record before Deputy Commissioner Taylor and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission hereby reverses the Deputy Commissioner's Order and enters the following Order. *Page 2 
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The plaintiff filed his Tort Claim Affidavit with the Industrial Commission on October 14, 2005, alleging, in pertinent part, that certain employees of North Carolina Central University (NCCU) negligently failed to secure O'Kelley-Riddick Football Stadium, located on the NCCU campus. The plaintiff further claimed that the alleged failure to secure the stadium proximately caused him to suffer severe injuries when he participated in a recreational "pick-up" game on the stadium field.
2. On May 1, 2007, defendant filed a motion for summary judgment with Deputy Commissioner Wanda Blanche Taylor.
3. On May 10, 2007, Deputy Commissioner Taylor, after a review of the record in this matter, issued an Order granting defendant's motion for summary judgment, and dismissed the plaintiff's claim.
4. During the autumn of 2004, the plaintiff participated as a member of NCCU's football team. Following the completion of the season on November 20, 2004, the plaintiff and a group of friends played a "pick-up" game of tackle football on the field of O'Kelley-Reddick Stadium on NCCU's campus. No coaches, trainers, or other NCCU staff were present. The plaintiff and his friends were the only persons present on the field.
5. The plaintiff and his friends were not wearing any protective gear during the "pick-up" game. During the course of the game, the plaintiff suffered severe injuries after he attempted to tackle another individual. Following his injury, NCCU campus security and EMS *Page 3 
personnel were summoned to the scene. After being taken from the field, and following the administration of medical care, it was determined that plaintiff's injury resulted in permanent partial paralysis.
6. Based upon the evidence of record, the Full Commission finds that there exists genuine issues as to the material facts in this matter including, but not limited to, whether a duty was owed by the defendant to the plaintiff and, if so, was such duty breached; whether a special relationship existed between the defendant and the plaintiff because the plaintiff was an NCCU athlete; and whether the plaintiff's actions constitute contributory negligence.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Summary judgment is warranted only when "there is not issue as to any material fact." N.C. Gen. Stat. § 1A-1, Rule 56. The North Carolina courts have generally held that issues of negligence are rarely appropriate for summary judgment. Schaffner v. Cumberland County Hosp.System, Inc., 77 N.C.App. 689, 336 S.E.2d 116 (1985).
2. Based upon a careful review of the evidence of record in this case, the Full Commission finds that there exists genuine issues as to the material facts in this matter including, but not limited to, whether a duty was owed by the defendant to the plaintiff and, if so, was such duty breached; whether a special relationship existed between the defendant and the plaintiff because the plaintiff was an NCCU athlete; and whether the plaintiff's actions constitute contributory negligence. Because issues of material fact exist, the Full Commission concludes that summary judgment in this matter was improvidently granted by the Deputy Commissioner. N.C. Gen. Stat. § 1A-1, Rule 56. *Page 4 
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The May 10, 2007 Order by Deputy Commissioner Wanda Blanche Taylor granting the defendant's motion for summary judgment was improvidently granted and is hereby VACATED.
2. This matter is hereby remanded to Deputy Commissioner Taylor for a full evidentiary hearing on the merits regarding the issues including, but not limited to, whether a duty was owed by the defendant to the plaintiff and, if so, was such duty breached; whether a special relationship existed between the defendant and the plaintiff because the plaintiff was an NCCU athlete; and whether the plaintiff's actions constitute contributory negligence.
3. Each party shall pay its own costs.
This 13th day of November 2007.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ BUCK LATTIMORE COMMISSIONER *Page 1